THE HACKENSACK SAVINGS BANK

*v.*

RICHARD P. TERHUNE and THE TERHUNE MANUFACTURING COMPANY et al.

WILLIAM E. SKINNER, receiver,

*v.*

RICHARD P. TERHUNE and THE TERHUNE MANUFACTURING COMPANY et al.

The statute (*Rev. p. 394*) directs that a receiver appointed in supplementary proceedings shall apply the proceeds of any property of the defendant in execution in payment of the judgment and costs, and that he shall pay any balance remaining into the court wherein said judgment was recovered. The statute expressly subjects the receiver to the authority and orders of the court

which appoints him.  Proceedings supplemental to an execution issued out of the supreme court were instituted before a judge of that court, and a receiver was appointed in such proceedings by the judge.  Proceedings were had in the chancery court, both by the receiver and the execution creditor, to have certain conveyances by the judgment debtor declared void, but no execution was issued in either case.—*Held*, that one who questioned the accuracy of an account rendered by the receiver to the judge who appointed him was not entitled to an accounting in the court of chancery, but that he must apply for relief to such judge.

On petition of the Terhune Manufacturing Company.

*Mr. John Linn,* for the petitioner.

*Mr. Charles H. Voorhis, contra.*

PITNEY, V. C.

The complainant Skinner was appointed receiver under proceedings before a judge of the supreme court, supplemental to an execution issued out of that court in favor of the Hackensack Savings Bank against Richard P. Terhune, and, by virtue of orders made by said judge, became vested with all the personal property of said Terhune.  Subsequently he filed a bill in this court, alleging that Terhune had conveyed certain shares of stock and bonds to the Terhune Manufacturing Company, which shares and bonds were in the hands of a third party, subject to a pledge for money loaned by such third party to Terhune or to the manufacturing company, and such proceedings were had upon the bill that a decree was made by this court that the transfer by Terhune to the manufacturing company was void as against the complainant, and that the complainant was entitled to redeem the shares and bonds, or to sell them subject to the lien of the pledgee.

At the same time that the receiver filed his bill the Hackensack Savings Bank also filed a bill in aid of an execution issued on its judgment and levy made under it subsequent to the execution upon which the receiver had been appointed, and the savings bank, by its bill, prayed that certain conveyances of real and personal property upon which it had levied, made by Terhune

to the manufacturing company, might be declared void as to it; and such proceedings were had upon the bill of the savings bank, that the conveyances in question were declared to be void as to it.

The property involved in the suit of the savings bank was not the same as that involved in the suit of Skinner, receiver, and, although the suits were tried together, they were not consolidated. No execution was issued out of this court in either case, but in both cases the complainants were permitted to proceed, subject to the terms prescribed in the several decrees, to work out their rights by the common law remedies.

The manufacturing company now presents its petition, entitled in both causes, setting up that the receiver sold the shares of stock and bonds which were the subject of litigation in his suit and received therefor a certain sum of money, and that the savings bank sold the property subject to its common law execution and received therefor a certain other sum of money, and that the two sums together amount to considerably more than the amount due on the judgment of the savings bank, and it prays an accounting.

The defendant Skinner answers that he has accounted for his proceedings as receiver to the judge who appointed him, and that such judge has approved his account, and the savings bank answers, showing that the net proceeds of the sales of property under its common law execution were not sufficient to pay its judgment, and that the net balance of money turned over to it by the receiver was about $5.

Upon this petition, and these answers, the petitioner asks for a reference to a master for an accounting, and objection is made that the receiver is bound to account only to the judge who appointed him.

I think the point is well taken. The twenty-sixth section of the statute concerning executions (*Rev. p. 394*) directs that the receiver shall apply the proceeds of any money or property of the defendant in execution which he may recover in payment of the judgment and the costs of the proceeding and a reasonable compensation for the receiver to be taxed by the judge, and shall

pay the remainder into the court wherein said judgment was re-covered, to be there disposed of according to law, and the receiver is made expressly subject to the authority and orders of the court which appoints him.

The receiver sets out in his answer the substance of his report to the court and that it was approved by the judge appointing him ; and if that report is honest and accurate the petitioner herein has no case. If it be not honest and accurate, the petitioner's remedy is to apply to the judge who made the appointment and approved the report ; and in the absence of any execution issued out of this court in either of the causes, I think the court is without jurisdiction on a petition like this to give the petitioner any relief.

The petition is dismissed, with costs.